Ruby **FOURNIER, Howell Williams and Chris Carnes, Plaintiffs,**

v.

**HARTFORD FIRE INSURANCE COMPANY, Jack Bell and Carroll County, Defendants.**

Civ. No. 1:92–cv–2309–JEC.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 30, 1994.

---

Ralph S. Goldberg, Office of Ralph S. Goldberg, Atlanta, GA, for plaintiffs.

Alfred L. Mullins, Jr., David T. Markle, Cashin, Mortin & Mullins, Atlanta, GA, Charles D. Mecklin, Jr., Tisinger, Tisinger, Vance & Greer, Carrollton, GA, and Michael A. O'Quinn, Barnhart, O'Quinn & Williams, Atlanta, GA, for defendants.

## *ORDER*

CARNES, District Judge.

■ This case is presently before the Court on defendant Hartford Fire Insurance Company's ("Hartford") Renewed Motion for Summary Judgment[1] [43–1]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant Hartford's Motion for Summary Judgment should be granted.

## *BACKGROUND*

The action arises out of allegedly improper employment decisions by defendant Sheriff Jack Bell with respect to each of the plaintiffs. As a result of defendant Bell's actions, plaintiffs have filed this suit against Bell individually, and in his official capacity, Carroll County ("the County") and Hartford. Plaintiffs' Complaint seeks recovery under 42 U.S.C. § 1983 for Bell's actions.

On or about December 5, 1990, Hartford issued insurance policy number PEB LS 8816 to the Carroll County Board of Commissioners, which included "Public Employee

---

1. Although Hartford styled its motion as a "Motion for Reconsideration", the motion is properly viewed as a renewed motion for summary judgment. In its order of September 27, 1993, the Court denied Hartford's original Motion for Summary Judgment [21–1], without prejudice, due to the Court's decision to allow plaintiffs to amend their Complaint to add factual allegations and claims. Hartford now asks the Court to rule on its renewed summary judgment motion pursuant to the express permission to renew the motion within twenty (20) days of the September 27, 1993 order. Accordingly, the Court will treat the instant motion as a motion for summary judgment.

Dishonesty Coverage Form 'P'." (Def.'s Mot. for Summ. J., Aff. of Vicki Wheeler Ex. 1 at Public Employee Dishonesty Coverage Form p. 1 of 4.) The policy at issue names the Carroll County Board of Commissioners as the insured (*Id.* at Crime Policy p. 1 of 1.) and provides coverage for losses caused by "Employee dishonesty" as that term is defined in the policy. (*Id.* at Public Employee Dishonesty Coverage Form p. 1 of 4, ¶ A.2.) The policy provides that:

> "Employee Dishonesty" in paragraph A.2. means only dishonest acts committed by an "employee", whether identified or not, acting alone or in collusion with other persons, with the manifest intent to:
>
> (1) Cause [the insured] to sustain loss; and also
>
> (2) Obtain financial benefit ... for:
>
> (a) the "employee"; or
>
> (b) Any person or organization intended by the "employee" to receive that benefit.

(*Id.* at ¶ D.3.a.) The policy further provides coverage for losses caused by the:

> Failure of any "employee" to faithfully perform his or her duties as prescribed by law, when such failure has as its direct and immediate result a loss of [the insured's] Covered Property, including the inability to faithfully perform those duties because of a criminal act committed by a person other than an "employee".

(*Id.* at Faithful Performance of Duty Endorsement p. 1 of 1, ¶ 1.)

The policy excludes "damages for which [the insured is] legally liable as a result of ... the deprivation or violation of the civil rights of any person by an "employee"...." (*Id.* at Public Employee Dishonesty Coverage Form p. 1 of 4, ¶ D.1.e.) The policy further provides that the insured is the sole beneficiary of the policy's coverage. (*Id.* at Crime General Provisions p. 3 of 4, ¶ B.12. ("... this insurance is for [the insured's]

benefit only. It provides no rights or benefits to any other person or organization."); Public Employee Dishonesty Coverage Form p. 1 of 2, ¶ 2.b. ("This insurance is for [the insured's] sole benefit. No legal proceeding of any kind to recover on account of loss under this coverage may be brought by anyone other than [the insured].").)

On September 29, 1992, plaintiffs commenced the instant action to recover against defendants Bell, Carroll County and Hartford under 42 U.S.C. § 1983 for the alleged civil rights violations caused by Bell when he transferred and reassigned plaintiffs to different job duties. Hartford answered in its own behalf, raising lack of coverage as a defense to plaintiffs' action against Hartford.

### DISCUSSION

I. *Arguments of the Parties.*

In its Motion for Summary Judgment, Hartford makes a number of alternative arguments in support of the motion. As the Court concludes that defendant's motion should be granted on its first ground, the Court will not address Hartford's remaining arguments. Hartford's main argument in support of its Motion for Summary Judgment is that the plain language of the policy at issue bars plaintiffs' lawsuit. Hartford argues that the exclusion for civil rights claims and the bar to actions by anyone other than the insured contained in the express language of the policy preclude any action by plaintiffs against Hartford directly.[2] Plaintiffs argue that the exclusion for civil rights violations caused by "employees" does not apply to Sheriff Bell because he is not an "employee", as that term is defined by the policy, of the Carroll County Commission. Plaintiffs further argue that the language stating that the Carroll County Commission is the sole beneficiary under the policy is void as against public policy. Upon complete review of the record and the arguments of the parties, the Court concludes that the

---

**2.** Hartford also argues that another policy provision excludes coverage for employees who are required to have an individual bond by state law and that, pursuant to O.C.G.A. § 15–16–5, Sheriff Bell was required to have such a bond. Although it is not clear from the record, it appears that the policy at issue may have been intended

to fulfill Sheriff Bell's statutory bond requirement. Thus, Hartford's argument with regard to this exclusion seems strained. The Court need not address the argument, however, as it concludes that either of the other policy provisions relied upon by Hartford bars plaintiffs from maintaining this action against Hartford directly.

express language of either of the cited policy provisions does bar any action by these plaintiffs against Hartford.

## II. *The Summary Judgment Standard.*

 Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits. Instead, Rule 56 of the Federal Rules of Civil Procedure *mandates* the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of *every* element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552–53.

 The movant bears the initial responsibility of asserting the basis for his motion. *Id.* at 323, 106 S.Ct. at 2552; *Apcoa, Inc. v. Fidelity Nat'l Bank,* 906 F.2d 610, 611 (11th Cir.1990). However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleadings" and present competent evidence[3] designating " 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S.Ct. at 2553 (quoting FED.R.CIV.P. 56(e)). While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, *Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

 A fact is material when it is identified as such by the controlling substantive law. *Id.* at 248, 106 S.Ct. at 2510. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* at 249–50, 106 S.Ct. at 2510–11. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted). An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511. Thus, to survive a motion for summary judgment, the non-moving party must come forward with specific evidence of *every* element material to that party's case so as to create a genuine issue for trial.

## III. *Policy Exclusion for Civil Rights Violations.*

 In its Motion for Summary Judgment, Hartford argues that the express language of the policy excludes coverage for any loss suffered due to an alleged civil rights violation caused by an "employee" of the insured, the Carroll County Commission. Plaintiffs, in their response, argue that Sheriff Bell does not fit within the policy's definition of "employee" and thus the exclusion does not apply to Sheriff Bell. Plaintiffs rely upon the definition of "employee" in the policy which provides that the County Commission must "direct and control" the activities of an individual in order for that individual to be an "employee" of the insured. (*Id.* at Crime General Provisions p. 4 of 4, ¶ C.1.a.) Plaintiffs point out that Sheriff Bell is an elected official, not subject to the direction

---

**3.** The non-moving party may meet its burden through affidavit and deposition testimony, an-

swers to interrogatories, and the like. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

and control of the County Commission. In reply, however, Hartford points out that if Sheriff Bell is not an "employee" of the County Commission, the policy provides no coverage whatsoever. (*See Id.* at Public Employee Dishonesty Coverage Form p. 1 of 2, ¶ A.2. & ¶ D.3.a.; Faithful Performance of Duty Endorsement p. 1 of 1, ¶ 1.) Upon review of the policy documents and the arguments of the parties, the Court concludes that plaintiffs' argument must fail.

Essentially, plaintiffs argue that Sheriff Bell is an "employee" for purposes of determining coverage under the policy but he is not an "employee" for purposes of construing the exclusion for civil rights violations by employees. Plaintiffs cannot have it both ways. As noted in the preceding discussion of the parties arguments, coverage of the policy at issue only extends to those who are the "employee" of the insured. Thus, if Sheriff Bell is not an "employee" for purposes of construing the policy, the policy provides *no coverage* whatsoever. Alternatively, if Sheriff Bell is an "employee" for purposes of construing the policy, the exclusion for civil rights violations results in a conclusion that plaintiffs' claims against Sheriff Bell are not covered. Accordingly, the Court concludes that Hartford's Motion for Summary Judgment should be granted because the policy at issue does not provide coverage for any losses caused by the Sheriff's alleged deprivation of plaintiffs' civil rights.

## IV. *Insured the Sole Beneficiary of the Policy.*

■ Plaintiffs argue that the policy provisions providing that the insured is the sole beneficiary of the policy and that only the insured may bring suit under the policy are void as against public policy. Essentially, plaintiffs argue that they should be able to sue Sheriff Bell's insurer directly for damages allegedly caused by Sheriff Bell. Plaintiffs' brief is, however, void of any authority to support the proposition that an injured party has a right to maintain suit against an insurance company for the alleged misconduct of an individual covered by an insurance policy. In absence of any authority to support plaintiffs' arguments, the Court cannot conclude that the policy provision at issue contravenes the public policy of the state of Georgia.[4]

■ All of the authorities cited by plaintiffs stand for the proposition that contract provisions deemed to be against public policy will not be enforced. *See GEICO v. Dickey*, 255 Ga. 661, 340 S.E.2d 595 (1986); *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 329 S.E.2d 136 (1985); *Dep't of Transp. v. Brooks*, 254 Ga. 303, 312, 328 S.E.2d 705, 713 (1985). Plaintiffs' cited authorities do not address the propriety of a policy provision, such as the one at hand, that limits the right to sue to the beneficiary of the policy. "A contract cannot be said to be contrary to public policy unless the General Assembly has declared it to be so, or unless the consideration of the contract is contrary to good morals and contrary to law, or unless the contract is entered into for the purpose of effecting an illegal or immoral agreement or doing something which is in violation of law." *Brooks*, 254 Ga. at 312, 328 S.E.2d 705 (citations omitted). Although it is not entirely clear from the pleadings, plaintiffs appear to be arguing that Georgia's requirement that all Sheriff's have bonds is somehow abridged or undermined by the policy's beneficiary limitation and its bar on suits by anyone other than the insured. Essentially, plaintiffs argue that they must be able to maintain suit directly against the Sheriff's insurance company in order to realize the protections provided by O.C.G.A. § 15–16–5, which requires the Sheriff to have such insurance.

Upon reviewing the arguments of the parties, the Court fails to comprehend how the policy's limitations contravene public policy. Plaintiffs appear to argue that they are not afforded the protections intended by O.C.G.A. § 15–16–5 unless they have the power to sue the insurance company directly. With nothing more, the Court cannot conclude that the policy is void as against public policy. Whether the policy at issue provided coverage for losses of the type suffered by plaintiffs, which the Court has already con-

4. The parties agree that the laws of the State of Georgia govern the disposition of this case.

cluded it does not, is irrelevant to any determination of liability in this case. Plaintiffs' causes of action are against the Sheriff, not his insurance company. Accordingly, the Court concludes, as an alternative ground, that Hartford's Motion for Summary Judgment should be granted because the express provisions of the policy preclude suit by anyone other than the insured, the Carroll County Commission.

### CONCLUSION

For the foregoing reasons, defendant Hartford Fire Insurance Company's Renewed Motion for Summary Judgment [43–1] is **GRANTED.**

SO ORDERED.

